STATE ex FANGMAN, Appellant v POLICE RELIEF FUND OF THE CITY OF CINCINNATI et, Appellees.

Ohio Appeals, 1st District, Hamilton County.

No. 6211. Decided March 15, 1943.

B. P. Pink, Cincinnati and Sol Goodman, Cincinnati, for appellant.

John D. Ellis, Cincinnati and Edgar B. Traver, Cincinnati, for appellee.

## OPINION

By HILDEBRANT, J.

The relatrix, Elizabeth Fangman, by writ of mandamus, seeks to compel the Board of Trustees of the Police Relief Fund of the City of Cincinnati to pay to her a pension of $50 per month commencing September 23, 1939.

The stipulation and the evidence sets forth that Ferd B. Fangman, deceased, son of relatrix, became a member of the police department on August 16, 1927 and died on September 22, 1939. never having married, and having made the required contributions to the fund.

The Police Relief Fund was instituted and operated in all respects according to statutory law until, effective June 13, 1927, a different method of selecting trustees thereof was adopted pursuant to the Administrative Code of the City of Cincinnati, adopted under the city charter as amended. In all other respects the statutory provisions were followed. On September 8, 1941, after the decision of the Supreme Court of Ohio in **Cincinnati v Gamble, 138 Oh St, 220,** the method of selection of trustees outlined by statutory law was returned to by the Fund.

The rules and regulations of the fund were changed from time to time by the board of trustees and on September 22, 1936 the rules and regulations were changed and that part providing pensions for dependent mothers and fathers was repealed.

By action of the board of trustees on September 30, 1935, rule 39 was renumbered 39B and amended so as to increase the death benefit from $300 to $600, and also gave the member the right to select his own beneficiary and made it possible for benficiaries to receive both a death benefit and a pension, if otherwise qualified.

On October 26, 1935, the record shows, relatrix was by her son designated beneficiary under Rule 39 of the death benefit, but fails to show affirmatively a designation as beneficiary of a pension.

On application following the death of her son on September 22, 1939, relatrix received a death benefit of $600.00, and it was not for some considerable length of time thereafter that she applied for a pension which was refused.

The claim is made that the board which repealed the pension provision on September 22, 1936 was an illegal board without authority to so act and that under the statutes, §§4625 to 4628 and 4628-1, GC, the pension should be granted.

The answer admits the facts set forth above and denies the board was an illegal board, but claimed it was a legal board with full power to act in the premises.

The courts have held that to constitute an officer de facto of a legally existing office, it is not necessary he be appointed by one competent to vest in him good title to the office. It is sufficient if he holds office under some power having color of authority to appoint. If the office is provided by law, the officer has color of appointment and assumes to act as such officer, and is accepted and acknowledged by the public as such to the exclusion of all others, that if sufficient. All of these essentials are present here. 32 O. Jur., 1088. The general rule is that the acts of a de facto officer are to be upheld as valid, in so far as they involve the interests of the public and third persons until his title to the office is adjudged insufficient, providing those acts are in accord with the requirements of law applicable to de jure officers. As a consequence, official acts of a defacto officer cannot be collaterally attacked. 32 O. Jur., pp. 1096, 1097.

**Section 4628 GC**, provides in part:

"Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, * * *"

One of the duties enjoined by law, therefore, was to establish classes of beneficiaries, which, of course, includes the power in the prudent administration of the fund to enlarge or eliminate those classes.

The rights of relatrix are governed by the rules and regulations in effect at time of the death of her son, which provide no pension for dependent mothers. **State ex Eden v Kundts, 127 Oh St, 276; State ex Cline v Miller, 134 Oh St, 445; State ex White v City of Cleveland, 135 Oh St, 13.**

The so-called vested right statute, §4628-1, GC, became effective May 26, 1937, therefore, is not applicable here, since the Pension Rule was repealed September 22, 1936, and as to the relatrix the pension was a mere gratuity. **Mell v State, 130 Oh St, 306; State ex White v City of Cleveland, 135 Oh St, 13, supra; State ex Carroll v McCarthy et, 139 Oh St, 654.**

That part of §4625 GC, relied upon is as follows:

"* * * If a policeman dies leaving no dependents entitled to relief or award from the police relief fund, the full amount of said deductions shall be returned to his legal representative. * * *"

Here, an award of $600.00 was made, which satisfies the requirements of this section.

Having applied for and accepted the increased death award of $600.00, established by the identical de facto board, relatrix is in no position to now question the authority of that board.

The judgment is affirmed.

ROSS, P. J., and MATTHEWS, J., concur.